J-S20043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD A. MOTT, | |
| Appellant | No. 1536 WDA 2015 |

Appeal from the PCRA Order September 22, 2015
in the Court of Common Pleas of Crawford County
Criminal Division at No.: CP-20-CR-0000507-2008

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　**FILED:  MARCH 02, 2016**

Appellant, Richard A. Mott, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant facts and procedural history of this case are as follows. On November 3, 2008, Appellant entered a guilty plea to one count each of rape of a child and incest.[1]  Appellant's conviction stems from his sexual abuse of his then twelve-year-old daughter, who had been sexually assaulted previously by three other men, including Appellant's son.  The plea bargain contained no agreement as to sentencing.  At the February 2, 2009

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c) and 4302, respectively.

sentencing hearing, counsel for Appellant requested that the court impose the ten-year mandatory minimum sentence on the rape of a child count.[2] The court declined, and imposed a sentence of incarceration of not less than twenty nor more forty years on this count, with a concurrent term of not less than two nor more than ten years on the incest count. Appellant filed a direct appeal challenging the discretionary aspects of his sentence, and this Court affirmed the judgment of sentence on February 5, 2010. (**See Commonwealth v. Mott**, No. 313 WDA 2009, unpublished memorandum at *1-3 (Pa. Super. filed Feb. 5, 2010)). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On July 6, 2015, Appellant filed a *pro se* PCRA petition. Appointed counsel filed an amended PCRA petition on August 12, 2015, asserting a right to relief based on the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151, 2155 (2013) (holding that facts, other than prior conviction, that mandatorily increase minimum sentence are elements of offense and must be submitted to jury and proven beyond reasonable doubt). (**See** PCRA Petition, 8/12/15, at 7, 9). On August 31, 2015, the PCRA court filed a memorandum and order giving notice of its intention to dismiss the petition without a hearing. **See**

_____

[2] **See** 42 Pa.C.S.A. § 9718(a)(3).

- 2 -

Pa.R.Crim.P. 907(1). The court entered its order dismissing the petition on September 22, 2015. This timely appeal followed.[3]

Appellant raises the following question for our review: "Whether the [PCRA] court erred when it concluded that [A]ppellant's motion for post conviction collateral relief was not timely filed?" (Appellant's Brief, at 7).[4]

> We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

"Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." ***Id.*** (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the

---

[3] Appellant filed a concise statement of errors complained of on appeal contemporaneously with his notice of appeal. The PCRA court filed an opinion on September 25, 2015. ***See*** Pa.R.A.P. 1925.

[4] The Commonwealth did not file a brief.

three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on March 8, 2010, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3).[5] Therefore, Appellant had one year from that date to file a petition for collateral relief, specifically, until March 8, 2011. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on July 6, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See id.* at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

_____

[5] The last day of the appeal period fell on a Sunday. Accordingly, Appellant had until that Monday to file a petition for allowance of appeal. *See* 1 Pa.C.S.A. § 1908.

- 4 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of a newly-recognized retroactively-applied constitutional right to relief predicated on the United States Supreme Court's decision in ***Alleyne***, ***supra***. (***See*** Appellant's Brief, at 8, 11); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(iii). He asserts that ***Alleyne*** applies retroactively to this case, and requests that this Court remand for re-sentencing on the rape of a child conviction without regard to the mandatory minimum term of incarceration. (***See*** Appellant's Brief, at 17).

First, we observe that ***Alleyne*** is utterly inapplicable to this case because the sentencing court **did not** sentence Appellant to the mandatory minimum ten-year sentence on the rape of a child count. The court imposed

a minimum sentence of twenty years, well above the mandatory minimum, and Appellant's claim of excessiveness failed on direct appeal. Therefore, Appellant's argument based on *Alleyne* fails.

Moreover, in *Miller*, *supra*, the appellant also argued the applicability of section 9545(b)(1)(iii) to his patently untimely PCRA petition. *See Miller*, *supra* at 993. Specifically, he averred that the *Alleyne* decision announced a new constitutional right that applies retroactively to cases on collateral review. *See id.* at 993-94. This Court disagreed, explaining:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Id.* at 995-96 (quotation marks, footnote, and citations omitted); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1062, 1067 (Pa. Super. 2015) (stating "*Alleyne* is not entitled to retroactive effect in [the] PCRA setting" even with a timely filed petition). Therefore, prior precedent of this Court makes clear that claims based on retroactive application of *Alleyne* in the PCRA setting fail.[6]

_____

[6] Although Appellant urges us to reconsider this precedent and to instead apply *Alleyne* retroactively to cases on collateral review, (*see* Appellant's
*(Footnote Continued Next Page)*

In sum, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's jurisdictional time-bar. **See Jones**, **supra** at 17. Accordingly, the PCRA court properly dismissed Appellant's petition without a hearing because it is untimely with no exception to the time-bar pleaded or proven. **See Jackson**, **supra** at 519.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016

*(Footnote Continued)* ————————

Brief at 16), his request is beyond the power of this panel, which is bound by the prior decisions of this Court. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied*, 555 U.S. 881 (2008).

Furthermore, we also note that the United States Supreme Court decided **Alleyne** on June 17, 2013. Appellant filed the instant PCRA petition more than two years later, on July 6, 2015. Therefore, Appellant has failed to comply with the PCRA's sixty-day rule. **See** 42 Pa.C.S.A. § 9545(b)(2). Appellant's petition would fail for this reason as well.