COMMONWEALTH of Pennsylvania,
Appellee,

v.

Jason Christopher PEPE, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 30, 2005.

Filed March 8, 2006.

Reargument Denied May 18, 2006.

Sally Frick, Pittsburgh, for appellant.

William T. Fullerton, Asst. Dist. Atty., Butler, for Com., appellee.

BEFORE: LALLY–GREEN, TODD, and McCAFFERY, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Jason Christopher Pepe, appeals from the judgment of sentence imposed after he was convicted of numerous offenses relating to his use of the internet to distribute and access child pornography. Appellant asks us to determine whether the statutory prohibitions against the sexual abuse of children [1] are violative of the constitutions of both the United States and Pennsylvania for being facially invalid and unconstitutionally overbroad and vague. Appellant's specific contention is that the statute criminalizes the possession of material containing computer-generated depictions of children engaged in prohibited sexual activity, as well as depictions of real children involved in prohibited sexual activity. Upon review, we affirm.

¶ 2 The factual background of this matter was described by the trial court as follows:

On February 22, 2002, Corporal John P. Stepansky of the Pennsylvania State Police encountered an individual, alleged to be [Appellant], on an internet chat channel, which Corporal Stepansky knew to be used for the trafficking of child por-

---

1. 18 Pa.C.S.A. §§ 6312(b), (c) and (d).

nography. The individual allegedly initiated a dialogue with Corporal Stepansky stating that he was a 25–year old male from Johnstown, Pennsylvania. During this time[,] the individual sent Corporal Stepansky seven images, two of which were pictures of [Appellant], and the remaining five depicting children under the age of eighteen, either nude or engaged in sexual acts. Corporal Stepansky was able to determine that the Internet Protocol Number from which the images were sent belonged to [Appellant]. Subsequently, a search warrant was issued for [Appellant's] residence and [Appellant's] computer was seized. A forensic search of [Appellant's] hard-drive revealed more images and movies of children under eighteen nude or engaged in sexual acts.

(Trial Court Opinion, dated February 10, 2003, at 1–2).

¶ 3 Appellant waived his right to a jury trial and was found guilty of the following offenses on January 12, 2004: one count of sexual abuse of children for dissemination of photographing, videotaping, depicting on computer or filming sexual acts [2] (five images); one count of sexual abuse of children for possession of child pornography [3] (twelve movies and forty-five images); and one count of sexual abuse of children for photographing, videotaping, depicting on computer or filming sexual acts [4] (four images). Appellant was sentenced to an aggregate term of imprisonment of no less than nine (9) and no more than eighteen (18) months, to be followed by a probationary period of eighty-four (84) months. Appellant filed a timely appeal and now presents the following single issue for our review:

[Whether] [t]he statute prohibiting the Sexual Abuse of Children [18 Pa.C.S.A. §§ 6312(b), (c) and (d) ] is facially invalid and unconstitutionally overbroad and vague in prohibiting both illegal and constitutionally protected behavior such as the computer or virtual depiction of children[,] and thus is violative of both the United States and Pennsylvania Constitutions.

(Appellant's Brief at 2).

¶ 4 The pertinent statutory provisions are as follows:

§ 6312. Sexual abuse of children

(a) Definition.—As used in this section, "prohibited sexual act" means sexual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.

(b) Photographing, videotaping, depicting on computer or filming sexual acts.—Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act is guilty of a felony of the second degree if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed. Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act is guilty of a felony of the second degree.

2. 18 Pa.C.S.A. § 6312(c).

3. 18 Pa.C.S.A. § 6312(d).

4. 18 Pa.C.S.A. § 6312(b).

**(c) Dissemination of photographs, videotapes, computer depictions and films.—**

(1) Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

(2) A first offense under this subsection is a felony of the third degree, and a second or subsequent offense under this subsection is a felony of the second degree.

**(d) Possession of child pornography.—**

(1) Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312.

¶ 5 Appellant argues that these sections are unconstitutional because they may be interpreted to prohibit "virtual" child pornography, such as computer-generated images, that neither depicts nor utilizes real minors. (Appellant's Brief at 9–16). Appellant acknowledges that this Court, in *Commonwealth v. Davidson*, 860 A.2d 575, 584–85 (Pa.Super.2004), *appeal granted, Commonwealth v. Davidson*, 582 Pa. 356, 871 A.2d 185 (2005), has already considered these statutory provisions and held them not to be overbroad or vague where it is clear that the prosecution was based upon images of real children, and

not upon computer-generated images. We decline to accept Appellant's invitation to disregard the holding in *Davidson* simply because of its current status as "on appeal" to our high court. Rather, we consider ourselves bound by the holding in *Davidson*. It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, *Commonwealth v. Hull*, 705 A.2d 911, 912 (Pa.Super.1998), except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court. *Commonwealth v. Prout*, 814 A.2d 693, 695 n. 2 (Pa.Super.2002). At this point in time, our high court has done no more than grant an appeal for the purpose of determining whether Section 6312(d) is unconstitutionally vague and overbroad. Because our Supreme Court has not yet ruled upon the question, our Court's prior decision in *Davidson* is binding.

¶ 6 The trial court in *Davidson* had interpreted the statute as pertaining only to computer depiction of child pornography which involves a real child rather than a computer-generated image. On appeal, we agreed with the trial court and held that where a defendant is convicted of possessing images of real children, not computer-generated images of children, a constitutional challenge to Section 6312(d) on the basis of its being overly broad must fail. *Id.* at 585. In the case *sub judice*, the trial court similarly concluded that Section 6312 requires involvement of a real child rather than a computer-generated image:

> Upon examining the statute it becomes clear that in 18 Pa.C.S.A. § 6312[,] a "computer depiction", just like a photograph, video, or film, is just one of several mediums through which an image of a *real* child under the age of eighteen engaged in a prohibited sexual act may not be shown. Unlike [the federal stat-

ute], this statute [contains] no phrases such as "appears to be" or "conveys the impression", which serve to broaden the proscription[']s reach to ban even computer[-]generated depictions, drawings of fictitious children, or images of young looking adults. Each subsection of § 6312 clearly requires that the image portray "a child under the age of 18", not someone or something that "appears to be" or "conveys the impression" of a child under eighteen engaged in an illegal act.... All of the subsections of § 6312...only prohibit those computer depictions and images produced using an actual child under the age of eighteen. Thus, a statute that revolves around the prohibition of actual children being involved in the production of sexually explicit material is clearly constitutional. The language of 18 Pa.C.S. § 6312(b),(c), and (d) plainly only prohibit[s] images created through the use of actual minors.

(Trial Court Opinion at 7–8, 9). It is thus clear from the trial court's analysis of Section 6312, that it required the Commonwealth to demonstrate that the materials which were seized from Appellant depicted actual children and not computer-generated images.

¶ 7 Appellant is making the same argument as the one which this Court rejected in *Davidson*. As a subsequent panel reviewing an issue already decided by a panel of this Court, we are obligated to follow the law as articulated by the previous panel. Therefore, we conclude that our holding in *Davidson* is binding and dispositive, and that Appellant has raised no issue upon which appellate relief is warranted.

¶ 8 Judgment of sentence affirmed.