J-S53042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN EDWARD RURA, III, | |
| Appellant | No. 711 WDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0001662-2012

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED SEPTEMBER 17, 2014**

Appellant, John Edward Rura, III, appeals from the judgment of sentence entered on March 21, 2014, following Appellant's October 10, 2013 open guilty plea to one count of unlawful contact with a minor[1] and one count of indecent assault.[2]  On appeal, Appellant challenges the constitutionality of Pennsylvania's Sex Offender Registration and Notification Act [SORNA].  **See** 42 Pa.C.S.A. §§ 9799.14, 9799.15.  For the reasons discussed below, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6318(a)(1).

[2] 18 Pa.C.S.A. § 3126(a)(8).

As noted above, on October 10, 2013, Appellant entered an open guilty plea to the aforementioned charges. The charges arose from an incident that took place on August 12, 2012, when the then nineteen-year-old Appellant had sexual contact with a fourteen-year-old girl. (*See* N.T. Guilty Plea Hearing, 10/10/13, at 8-10).

On March 21, 2014, the sentencing court sentenced Appellant to a term of two years of probation. (*See* N.T. Sentencing, 3/21/14, at 3). The sentencing court found that Appellant was not a sexually violent predator [SVP]. (*See id.* at 2-3). However, the sentencing court found that Appellant was subject to lifetime registration under Section 9799.23 of SORNA. (*See id.* at 4).

On March 27, 2014, Appellant filed a timely motion for reconsideration of sentence, which the sentencing court denied on May 8, 2014. On May 2, 2014, Appellant filed a timely notice of appeal and a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On June 18, 2014, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

**Issue No. 1:** Is it unconstitutional to require [an] Appellant to register for a lifetime for a crime that carries a maximum penalty in the instant case of five years?

**Issue No. 2:** Is the Adam Walsh Statute unconstitutional in requiring the an [sic] Appellant to register for a lifetime for said crime?

(Appellant's Brief, at 7).

Appellant's two issues are interrelated; therefore, we will address them together. Appellant argues that SORNA's registration requirements are "manifestly excessive" and "an unusual punishment" in violation of both the Pennsylvania and United States Constitutions. (*Id.* at 9). We note that Appellant's argument that SORNA is unconstitutional consists of less than four full pages, does not reference the constitutional provisions upon which he bases his argument, and does not contain any citation to the applicable statutory section of SORNA. (*See id.* at 10-13). It is Appellant's responsibility to develop arguments in his brief; where he has not done so we will find the claim waived. *See Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). Thus, we find that, based upon his failure to develop his constitutional argument sufficiently, Appellant has waived his claim on appeal.

Moreover, even if Appellant had not waived his claim, it is devoid of merit. Appellant's issue presents a question of law, thus our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Perez*, --- A.3d ---, 2014 WL 3339161, at *1 (Pa. Super. Filed July 9, 2014). Further, "[a] statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion." *Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa. Super. 2004) (citations omitted).

Although Appellant's constitutional claim is underdeveloped, he appears to contend that the lifetime registration requirements of SORNA are punitive and constitute "unusual punishment" presumably in violation of the Eighth Amendment to the United States Constitution, and Article 1, Section 13 of the Pennsylvania Constitution. (Appellant's Brief, at 12). We note that Section 13 of the Pennsylvania Constitution does not provide any greater protection against cruel and unusual punishment than does the Eighth Amendment to the United States Constitution. *See Commonwealth v. Baker*, 24 A.3d 1006, 1026, n.20 (Pa. Super. 2011), *affirmed*, 78 A.3d 1044 (Pa. 2013).

In *Perez*, *supra*, a panel of this Court addressed the issue of whether SORNA was "punitive" and therefore violated the *ex post facto* clauses of the federal and state constitutions. *Perez*, *supra* at *1. We held that SORNA was not sufficiently punitive to overcome the General Assembly's classification of it as a civil regulatory scheme that "shall not be construed as punitive." *Id.* at *10; *see also* 42 Pa.C.S.A. § 9799.11(b)(2).

Further, in an even more recent decision, a different panel of this Court addressed the identical issues raised by Appellant. *See Commonwealth v. McDonough*, --- A.3d ---, 2014 WL 3563346, at *3 (Pa. Super. Filed July 21, 2014). We note that the appellant in *McDonough*, like Appellant here, was not classified as an SVP. *See id.* In upholding the registration provisions of SORNA, we stated:

However, even assuming that [McDonough's] 15–year registration requirement is excessive in comparison to his actual sentence of one to two years' imprisonment, we cannot ignore our Supreme Court's pronouncement that:

> Because we do not view the registration requirements as punitive but, rather, remedial, **we do not perceive mandating compliance by offenders who have served their maximum term to be improper.** Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.

***Commonwealth v. Gaffney***, 557 Pa. 327, 733 A.2d 616, 622 (Pa. 1999) (emphasis added) (citations omitted). Similarly, in [***Commonwealth v.***] ***Benner***, [853 A.2d 1068 (Pa. Super. 2004)] this Court also recognized that:

> The registration provisions of Megan's Law do not constitute criminal punishment. The registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.
>
> \* \* \*
>
> Because the registration requirements under Megan's Law impose only collateral consequences of the actual sentence, their application is not limited by the factors that control the imposition of sentence. Thus, while a defendant may be subject to conviction only under statutes in effect on the date of his acts, and sentence configuration under the guidelines in effect on that same date, the application of the registration requirements under Megan's Law is not so limited. This is so due to the collateral nature of the registration requirement.

*Benner*, 853 A.2d at 1070–71.

> While *Gaffney* and *Benner* were decided prior to the effective date of SORNA, the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety. *Gaffney*, 733 A.2d at 619; *see* 42 Pa.C.S. § 9791(a) (legislative findings and declaration of policy behind registration of sexual offenders). In fact, one of the main purposes behind SORNA is to fortify the registration provisions applicable to such offenders. *See* 42 Pa .C.S. § 9799.10 (purpose of registration of sexual offenders under SORNA); *see also* H.R. 75, 195th Gen. Assemb. Reg. Sess. (Pa. 2012). With this purpose in mind, we cannot find that the law is unconstitutional as it applies to [the appellant]. He has offered neither competent nor credible evidence to undermine the legislative findings behind SORNA's registration provisions. Accordingly, we find no error. *Benner*, *supra*.

*McDonough*, *supra* at \*\*3-4 (emphasis in original). These well-reasoned decisions are binding on this Court. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006), *appeal denied* 946 A.2d 686 (Pa. 2008), *cert. denied*, 555 U.S. 881 (2008) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.") (citations omitted). Thus, Appellant's claim that the registration requirements of SORNA are unconstitutional must fail.

Judgment of sentence affirmed.

Olson, J., joins the Memorandum.

Donohue, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/17/2014</u>