J-S29044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| CHAD MILLER, | : | |
| | : | |
| Appellant | : | No. 102 WDA 2015 |

Appeal from the Judgment of Sentence Entered December 22, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No: CP-26-CR-0000910-2014

BEFORE:   PANELLA, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JUNE 24, 2015**

Chad Miller (Appellant) appeals *pro se* from this judgment of sentence of five to ten years' incarceration entered following his guilty pleas to, *inter alia*, aggravated indecent assault - complainant less than 13 years old. Specifically, Appellant challenges the resulting lifetime registration required by the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.  We affirm.

We begin by noting the following applicable law.

On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901, *et seq*. Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time.  Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense… must register for 15 years.  A Tier II offender must register for 25

_____
*Retired Senior Judge assigned to the Superior Court.

years, while a Tier III offender must register for the remainder of his or her life. 42 Pa.C.S. § 9799.15(a)(2), (a)(3).

*Commonwealth v. McDonough*, 96 A.3d 1067, 1070 (Pa. Super. 2014) (some citations omitted).

Because Appellant pled guilty to aggravated indecent assault, indecent assault, and indecent exposure[1] in relation to an incident with a four-year-old victim, he was informed at sentencing that his conviction of a Tier III offense required lifetime registration under SORNA.[2] Appellant timely filed a notice of appeal and, *sua sponte*, a statement of errors complained of on appeal.

Appellant presents this Court with two questions:

[1.] Is it unconstitutional to require Appellant to register for [life[3]] when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?

[2.] Is the Adam Walsh Statute unconstitutional in requiring a lifetime registration by the Appellant?

Appellant's Brief at 7 (unnecessary capitalization omitted).

This Court has held that SORNA's registration requirements, just like the registration requirements of Megan's Law, are collateral consequences of

---

[1] 18 Pa.C.S. §§ 1325(a)(7), 1326(a)(7), and 1327(a), respectively.

[2] *See* 42 Pa.C.S.A. § 9799.14(d)(7), (8) (listing 18 Pa.C.S. § 1325 and 18 Pa.C.S. § 1326(a)(7) among Tier III offenses).

[3] Appellant's "Statement of Questions Involved" section of his brief references a 25-year registration requirement. Appellant's Brief at 7. However, the body of his brief refers to lifetime registration, which is the length of time applicable in this case. *Id.* at 10.

a conviction, remedial rather than punitive in nature, and thus "their application is not limited by the factors that control the imposition of sentence." **Id.** at 1071 (quoting **Commonwealth v. Benner**, 853 A.2d 1068, 1072 (Pa. Super. 2004)). Specifically, we have found no merit to the argument that the length of the registration period may not exceed the statutory maximum sentence for the underlying crime. **McDonough**, 96 A.3d at 1072 (affirming 15-year registration resulting from a conviction with a two-year statutory maximum penalty).

Appellant argues, without citation to relevant authority, that his lifetime registration "cannot possibly be a civil penalty" and is an illegal criminal sentence because it exceeds the statutory maximum. Appellant's Brief at 13. He further argues that the lifetime registration is "unusual punishment as barred by the Pennsylvania and U.S. Constitutions." **Id.** at 12.

Appellant fails to discuss **McDonough**'s precedential holding that the registration requirement is not punitive in nature. Instead, Appellant merely asks that we "revisit the law." **Id.** This we cannot do. **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court.").

Appellant is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/24/2015