J. A10004/17

2017 PA Super 228

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN CHRISTOPHER WILLIAMS, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 2191 EDA 2016 |

Appeal from the Judgment of Sentence June 24, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003673-2015

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.:                                    **FILED JULY 18, 2017**

Appellant, Shawn Christopher Williams, appeals from the June 24, 2016 Judgment of Sentence entered in the Northampton County Court of Common Pleas. Appellant was convicted of three offenses arising from his failure to comply with the registration and verification requirements of the Sexual Offender Registration and Notification Act ("SORNA"). On appeal, he challenges the penalty provisions enacted to enforce SORNA, averring that they violate the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions. After careful review, we find that the penalty provisions of SORNA do not themselves violate *ex post facto* protections because Appellant failed to register and committed the instant offenses more than two years after SORNA made it a crime to fail to register. Moreover, although Appellant urges us to reconsider whether the registration requirements of SORNA are punitive, with a greater focus on the penalty

provisions, we are bound by our recent holding in **Commonwealth v. Woodruff**, 135 A.3d 1045 (Pa. Super. 2016).  We, therefore, affirm.

We will only summarize the facts of the case briefly because our decision is based upon a matter of law and not an interpretation of the facts.[1]  On December 4, 1998, a jury found Appellant guilty of Sexual Assault, graded as a felony of the second degree.  The trial court sentenced Appellant to 4 to 10 years of imprisonment.

Following Appellant's sentencing, the General Assembly passed Megan's Law II, which required Appellant to register as a sex offender for ten years.  Our General Assembly subsequently passed two more versions of Megan's Law, the most recent being SORNA.[2]  Under SORNA, Appellant is now deemed a Tier III offender and subject to a lifetime registration requirement.

---

[1] The Certified Record for Appellant's underlying conviction, which triggered his registration requirement under SORNA, is not before this Court.  The facts discussed **infra** are as gleaned from the testimony adduced at trial in the instant case, as well as the facts as agreed to by the Commonwealth and Appellant in their respective Briefs.

[2] In 2003, our Supreme Court struck down a portion of Megan's Law II in **Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003) (**Williams II**).  In response, in 2004 the General Assembly passed Megan's Law III, which our Supreme Court struck down in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013), as violative of the single subject rule of Article III, Section 3 of the Pennsylvania Constitution.

In late 2013, and again in late 2015, Appellant violated SORNA's registration requirements. The 2015 violation is the subject of the instant appeal.[3]

On October 25, 2015, Appellant was arrested and charged with three counts related to his failure to complete his quarterly registration requirement with the Pennsylvania State Police: Failure to Register, Failure to Verify Address, and Failure to File Accurate Registration Information.[4] Appellant elected to proceed to a jury trial, and on June 1, 2016, the jury convicted Appellant of all counts. On June 24, 2016, the trial court sentenced Appellant to three consecutive terms of 33 to 120 months in prison.

Appellant filed a timely Notice of Appeal. Appellant and the trial court both complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue: "[i]s SORNA unconstitutional because the penalties imposed for failing to comply are punitive and therefore violate *ex post facto* laws?" Appellant's Brief at 4.

---

[3] On June 2, 2014, Appellant pled *nolo contendere* to charges that he failed to register as required in late 2013. The trial court sentenced Appellant to five years of probation.

[4] 18 Pa.C.S. §§ 4915.1(a)(1), 4915.1(a)(2), and 4915.1(a)(3), respectively. As Appellant was subject to a lifetime registration requirement and had previously pled *nolo contendere* to charges that he failed to register, each of the three charges were graded as first-degree felonies. The Commonwealth later amended the Information to change the grading of all charges to second-degree felonies.

An *ex post facto* challenge to application of a statute presents a question of law, and our standard of review is *de novo*. **Commonwealth v. Perez**, 97 A.3d 747, 750 (Pa. Super. 2014).

As a prefatory matter, we note that Appellant challenges the application of the statute under the Constitutions of both this Commonwealth and the United States. As our Supreme Court recently stated in **Commonwealth v. Rose**, 127 A.3d 794 (Pa. 2015), the *Ex Post Facto* Clauses in the respective documents are virtually identical and the standards applied are comparable. **Id.** at 798 n.11. The federal *ex post facto* prohibition forbids the legislature, *inter alia,* from enacting any law that imposes a punishment for act that was legal when the defendant committed the act:

> **[The Ex Post Facto Clause] forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed;** or imposes additional punishment to that then prescribed." Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation.

**Rose**, 127 A.3d at 798 (citations omitted) (emphasis added).

Sex-offender registration statutes can generally be divided into two main components: the registration and verification requirements, and the punishments imposed for failing to comply with the registration and verification requirements. **See generally Williams II** (separately

analyzing the registration requirements and enforcement provisions of Megan's Law II).

The constitutionality of registration requirements for sex offenders, as applied retroactively, is well-trod ground in Pennsylvania. Courts have routinely held that registration and reporting requirements are part of a civil regulatory scheme and, therefore, may be applied retroactively without running afoul of the *Ex Post Facto* Clause. **See Williams II** (finding the registration, notification, and counseling requirements of Megan's Law II non-punitive); **Woodruff, supra** at 1061 (holding that SORNA's lifetime registration requirements are non-punitive and, therefore, do not violate the *Ex Post Facto* Clause when applied retroactively). **See also Commonwealth v. Giannantonio**, 114 A.3d 429 (Pa. Super. 2015) (finding SORNA registration requirements are non-punitive collateral consequence of a conviction, and do not violate the *Ex Post Facto* Clause when applied retroactively); **Perez, supra** at 759 (same).

Appellant asks this Court to "ignore" the registration requirements of SORNA, and instead focus on the penalty provisions of SORNA and whether they violate the *Ex Post Facto* Clause, an issue of first impression.

The General Assembly enacted SORNA on December 20, 2011. The enforcement provision, codified in 18 Pa.C.S. § 4915.1, makes it a crime for individuals subject to the registration requirements to knowingly fail to register as required, verify their addresses, or provide accurate information

to the Pennsylvania State Police. The registration requirements and enforcement provision both became effective on December 20, 2012.

Two years later, on August 23, 2014, November 23, 2014, and again on February 23, 2015, Appellant reported a false place of employment to the Pennsylvania State Police. Moreover, Appellant failed to notify the Pennsylvania State Police of a change in address, and failed to complete his quarterly registration in May of 2015. On July 21, 2015, the Commonwealth charged Appellant with three counts of failing to comply with SORNA's registration requirements.

Even though the penalty provisions of SORNA are punitive, they do not violate the *Ex Post Facto* Clause. The *Ex Post Facto* Clause only prohibits "punishment for an act which was not punishable at the time it was committed[.]" **Rose**, 127 A.3d at 798. It does not prohibit punishment for acts that the legislature determined to be illegal at the time the defendant committed the act.

In this case, Appellant failed to comply with the registration requirements **after** the registration requirements became effective. In other words, the legislature enacted SORNA in 2011, and it became effective in 2012. Appellant violated SORNA's registration requirements in 2014 and 2015. Thus, the legislature had already criminalized the failure to register when Appellant failed to do so. Therefore, the penalty provisions of SORNA

do not violate the *Ex Post Facto* Clause, regardless of whether or not they are punitive.

Appellant also urges this Court to reconsider whether the registration requirements of SORNA, which do apply retroactively, violate the *Ex Post Facto* Clause. Appellant avers that previous courts analyzing the issue have ignored the enforcement provisions when considering whether the registration requirements are punitive. Appellant's Brief at 12.

Although we agree that earlier courts have not specifically considered the severity of the specific sentencing schemes for failing to register, we are bound by earlier decisions that have held that the registration requirements do not violate the Ex Post Facto Clauses. We do, however, encourage a reviewing court in the future to consider the severity of the the entire sentencing scheme for failing to register.[5]

---

[5] For example, the Sentencing Guidelines assigns the failure to comply with SORNA with Offense Gravity Scores of 6, 8, or 10. Similarly harsh is the Pa. Code that grades a first offense for failure to meet the quarterly reporting requirements as a second-degree felony and a second or subsequent offense as a first degree felony with a maximum sentence of life in prison. 204 Pa. Code § 303.15. These Offense Gravity Scores are in line with those assigned to violent crimes that result in bodily injury or death. For example, an individual who violates SORNA's civil regulatory scheme will be given the same Offense Gravity Score as a defendant who commits: Arson Endangering Person, creating a danger of death causing bodily injury (10); all forms of Kidnapping (10); Robbery with threats to cause serious bodily injury (10); Aggravated Assault causing bodily injury with a deadly weapon (8); Involuntary Manslaughter (6); Involuntary Manslaughter, victim less than 12-years-old (8); Aggravated Assault, using noxious gas or an electronic incapacitation device against an officer (6); and Robbery by force, drug related (6). ***Id.***

However, as discussed **supra**, this Court has already held that the registration requirements of SORNA, when applied retroactively, are not punitive and, therefore, do not violate the *Ex Post Facto* Clause. **See, e.g., Woodruff, supra** at 1061. Our Supreme Court has not yet called into question these prior rulings. Therefore, we are bound by the holdings of prior panels of this Court. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." (internal citation omitted)).

Having found that the penalty provisions of SORNA do not violate the *Ex Post Facto* Clause, and precluded from reconsidering whether the registration requirements are punitive, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

---

In fact, in certain cases a registered sex offender could commit a new sexual offense and face an Offense Gravity Score comparable to that for failing to comply with the registration requirements. **See id.** (Aggravated Indecent Assault by forcible compulsion (10); Aggravated Indecent Assault, threat of forcible compulsion (10); Aggravated Indecent Assault, victim less than 13-years-old (10); Statutory Sexual Assault, victim less than 16-years-old (7, 8, or 9); Possession of Child Pornography (6, 7, 8, 9, or 10); Institutional Sexual Assault, including Institutional Sexual Assault of a minor victim (6)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017