J-A06029-18

2018 PA Super 335

IN RE: J.C.                              :        IN THE SUPERIOR COURT OF
                                         :               PENNSYLVANIA
                                         :
APPEAL OF: J.C.                          :
                                         :
                                         :
                                         :
                                         :
                                         :        No. 1391 WDA 2017

Appeal from the Order July 5, 2017
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s): CP-02-JV-0001886-2011

BEFORE:    BENDER, P.J.E, SHOGAN, J., and STRASSBURGER, J.*

DISSENTING OPINION BY STRASSBURGER, J.: FILED DECEMBER 10, 2018

In this appeal, Appellant asks this Court to determine whether Act 21

constitutes punishment under Commonwealth v. Muniz, 164 A.3d 1189

(Pa. 2017) and Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super.

2017). Appellant's Supplemental Brief at 5. As noted by the Majority,

another panel of this Court recently examined this exact issue in In re H.R.,

___ A.3d ___, 2018 WL 4519816 (Pa. Super. filed Sept. 21, 2018).[1] In

H.R., this Court held that Act 21 did not constitute punishment, even after

Muniz and Butler. Id. at *5. In doing so, we found Muniz and Butler

distinguishable because SORNA was found to be a punitive statute, whereas

_____

[1] Cf. Appellant's Supplemental Brief at 5 ("Does 42 Pa.C.S. § 6403 ("Act 21") constitute punishment as determined by a Muniz-Butler analysis.") with H.R., 2018 WL 4519816, at *2 (citation omitted) ("Is Act 21 punitive, such that its retroactive application to [Appellant] and its mechanism for determining whether an individual is a sexually violent delinquent child are unconstitutional under [Muniz ] and [Butler ]?").

*Retired Senior Judge assigned to the Superior Court.

under In re S.A., 925 A.2d 838 (Pa. Super. 2007), our Court previously determined that Act 21 was non-punitive. H.R., 2018 WL 4519816, at *3-4.

"It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." Commonwealth v. Pepe, 897 A.2d 463, 465 (Pa. Super. 2006) (citations omitted). Because there has been so such intervening authority, we are bound by H.R.'s holding that Act 21 is non-punitive. See Pepe, 897 A.2d at 465. Therefore, I would find that Appellant's claim regarding Act 21 fails and would proceed to address his first claim. See Appellant's Brief at 6.

Additionally, given the disparity in analysis and ultimate conclusions between the H.R. Court and the Majority here as to whether Act 21 is punitive, and because this issue is of substantial public importance, I believe this issue should be reviewed by this Court en banc or our Supreme Court.