J-S03039-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE PHILLIP WILES | : | |
| | : | |
| Appellant | : | No. 646 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004803-2023

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY LANE, J.:          **FILED: MARCH 12, 2026**

Shane Phillip Wiles ("Wiles") appeals from the judgment of sentence imposed following his conviction for firearms not to be carried without a license.[1]  After careful review, we affirm.

In June 2023, the police responded to reports of shots fired in York County, Pennsylvania.  Police officers arrested Wiles and found him in possession of a firearm concealed in a holster.  Wiles was eighteen years old and did not have the license required to carry a concealed firearm under section 6109 of the Uniform Firearms Act,[2] which requires applicants to be at

---

[1] *See* 18 Pa.C.S.A. § 6106(a)(2).

[2] *See* 18 Pa.C.S.A. §§ 6101-6128.

least twenty-one years old.[3]  As a result, the Commonwealth charged Wiles with firearms not to be carried without a license under section 6106(a)(1).[4]

In June 2024, Wiles filed an omnibus pretrial motion arguing, *inter alia*, for dismissal of the charge of carrying a firearm without a license because sections 6106 and 6109 violate the Second Amendment to the United States Constitution and Article 1, Section 21 of the Pennsylvania Constitution as applied to his conduct, pursuant to **New York State Rifle & Pistol Association v. Bruen**, 597 U.S. 1 (2022) ("**Bruen**").

On August 12, 2024, the trial court held a hearing on Wiles' motion.  The Commonwealth opposed the motion, emphasizing that **Bruen** did not eliminate the states' authority to impose objective, historically grounded firearm regulations, particularly those restricting the concealed carriage of firearms by minors and young adults.  The Commonwealth argued that Pennsylvania's age and licensing limits on gun possession were constitutional, citing historical evidence that people under twenty-one were traditionally barred from carrying concealed firearms.  Both Wiles and the Commonwealth subsequently filed briefs.  On October 3, 2024, the trial court issued an order and opinion denying Wiles' motion.

---

[3] **See** 18 Pa.C.S.A. § 6109(b) (providing that "[a]n individual who is 21 years of age or older may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth").

[4] Section 6106 prohibits the unlicensed concealed carry of a firearm throughout the Commonwealth, with the offense graded as a felony or misdemeanor depending on license eligibility and accompanying conduct. **See** 18 Pa.C.S.A. § 6106(a)(1)-(2).

On April 14, 2025, this matter proceeded to a stipulated bench trial. Wiles stipulated that, on the date of the offense, he concealed a firearm on his person without a valid or lawfully issued license to carry. The trial court found Wiles guilty of firearms not to be carried without a license under subsection 6106(a)(2), a misdemeanor of the first degree, and imposed an agreed upon sentence of two years' probation and costs.

Wiles filed a timely notice of appeal. Both Wiles and the trial court complied with Pa.R.A.P. 1925.

Wiles raises the following issue for our review:

> The trial court erred in denying [Wiles'] omnibus pre-trial motion. The application of 18 Pa.C.S.[A. §§] 6106, 6107,[5] and 6109 are unconstitutional as applied to [Wiles] as a citizen between the ages of 18 to 20 years old. Those statutory sections of the Uniform Firearms Act violate the Second Amendment [to] the U.S. Constitution and Article I, Section 21 of the Pennsylvania Constitution based on the test enumerated in [**Bruen**].

Wiles' Brief at 4 (unnecessary capitalization omitted).

In Wiles' sole issue on appeal, he argues that the trial court erred in denying his pretrial motion to dismiss the charge of firearms not to be carried without a license. Wiles contends that sections 6106 and 6109 of the Uniform Firearms Act are unconstitutional as applied to him because of his age, and that they violate the Second Amendment to the United States Constitution

---

[5] In his argument, however, Wiles has abandoned his challenge to section 6107. **See** 18 Pa.C.S.A. § 6107 (restricting the public carrying of firearms during a declared state of emergency).

and Article I, Section 21 of the Pennsylvania Constitution under the framework set forth in **Bruen**. As Wiles acknowledges, "at the time [of the offense he was] between the ages of [eighteen to twenty] years old and thus had an age-based restriction to obtain a license." Wiles' Brief at 5. Accordingly, he was statutorily ineligible to obtain a license to carry a firearm. **See** 18 Pa.C.S.A. 6109(b).

Our standard of review in constitutional challenges is well settled:

> A challenge to the constitutionality of a statute presents a pure question of law for which our standard of review is *de novo* and our scope of review is plenary. [T]he party challenging the constitutionality of a statute[]carries the "high burden" of demonstrating it "clearly, palpably, and plainly" violates the Second Amendment.

**Commonwealth v. Williams**, 341 A.3d 144, 151 (Pa. Super. 2025) (citations omitted).

We have also explained the distinction between facial and as-applied constitutional challenges:

> [A] defendant may contest the constitutionality of a statute on its face or as-applied. A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case. An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right. A criminal defendant may seek to vacate his conviction by demonstrating a facial or as-applied unconstitutionality.

**Commonwealth v. Bradley**, 232 A.3d 747, 757 (Pa. Super. 2020) (citation omitted).

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In **Bruen**, the United States Supreme Court considered a constitutional challenge to New York state's discretionary firearm licensing regime. **See Bruen**, 597 U.S. at 12. The Court articulated a two-step framework for applying the Second Amendment, requiring courts to determine: (1) whether the Second Amendment's plain text covers the individual's conduct at issue; and (2) if so, whether the regulation is consistent with this Nation's historical tradition of firearm regulation. **See id**. at 24 (citation omitted). In **United States v. Rahimi**, 602 U.S. 680 (2024), the Court reaffirmed that the right to keep and bear arms is fundamental but not unlimited and upheld a firearm prohibition, supported by historical analogues, disarming individuals who pose a threat of violence. **See Rahimi**, 602 U.S. at 688.

Importantly, neither **Bruen** nor **Rahimi** "held that there is a right to openly carry a firearm **without obtaining a license to do so**. Rather, **Bruen** explicitly recognized that states may constitutionally impose non-discretionary measures to ensure that only 'law-abiding, responsible citizens' 'bear[] arms in the jurisdiction.'" **Commonwealth v. Sumpter**, 340 A.3d 977, 993 (Pa. Super. 2025) (*quoting* **Bruen**, 597 U.S. at 38 n.9).[6]

---

[6] This author filed a dissenting opinion in **Sumpter**. Nevertheless, as **Sumpter** garnered a majority, it is binding on this panel.

This Court recently addressed materially identical constitutional challenges in *Williams*. In *Williams*, the Commonwealth charged the nineteen-year-old defendant with possessing a firearm without a license. *See Williams*, 341 A.3d at 147. He filed a pretrial motion to dismiss the charge claiming, as Wiles does in the instant appeal, that sections 6106 and 6109 violated the Second Amendment and Article 1, Section 21 as applied to his conduct under *Bruen*. *See id*. at 147-48. The trial court denied the motion and found the defendant guilty. *See id*. at 148.

The *Williams* defendant appealed to this Court, again asserting that sections 6106 and 6109 violated his Second Amendment rights. *See id*. 148. In addressing that claim, this Court applied the *Bruen* two-step framework. *See id*. at 152-57. First, we determined that carrying a concealed firearm without a license was conduct protected by the Second Amendment's plain text. *See id*. at 154. Next, the *Williams* Court held that section 6109's twenty-one-year age requirement was consistent with the Nation's historical tradition of firearm regulation. *See id*. at 154-56. In doing so, this Court explained that individuals between eighteen and twenty-one were historically treated as minors and subject to legal restrictions based on concerns about judgment and maturity. *See id*. at 155-56.

We note the defendant in **Williams** also relied on the Second Militia Act of 1792, § 1 ("Second Militia Act")[7] and **Lara v. Evanchick**, 91 F.4th 122 (3d Cir. 2024), to argue against the constitutionality of section 6109. **See id**. at 156. This Court rejected that contention, explaining that the Second Militia Act was a militia enrollment statute designed to ensure collective defense readiness, and it did not recognize an unfettered individual right to carry firearms in public. **See id**. We further observed that decisions of the federal courts of appeals are not binding on this Court. **See id**.

Additionally, the **Williams** Court rejected the argument that Article I, Section 21 of the Pennsylvania Constitution afforded broader protection than the Second Amendment, noting that this Court has repeatedly declined to interpret Pennsylvania's arms-bearing provision as providing greater protection. **See id**. at 158-59.

---

[7] The Second Militia Act provides, in relevant part:

> That every citizen, so enrolled and notified, shall, within six months thereafter, provide himself with a good musket or firelock, a sufficient bayonet and belt, two spare flints, and a knapsack, a pouch, with a box therein, to contain not less than twenty four cartridges, suited to the bore of his musket or firelock, each cartridge to contain a proper quantity of powder and ball; or with a good rifle, knapsack, shot-pouch, and powder-horn, twenty balls suited to the bore of his rifle, and a quarter of a pound of powder; and shall appear so armed, accoutred[,] and provided, when called out to exercise or into service, except, that when called out on company days to exercise only, he may appear without a knapsack.

**Williams**, 341 A.3d at 156 (*quoting* Second Militia Act of 1792, § 1).

Ultimately, this Court held in **Williams** that sections 6106 and 6109, including the twenty-one-year age requirement, did not violate the Second Amendment as applied to eighteen-to-twenty-year-olds. **See id**. at 160.

Turning to the instant appeal, we first note that this case arises from the same county, York County, and involves the same defense counsel as in **Williams**. On appeal, Wiles advances the same arguments raised before the **Williams** Court. Wiles argues that sections 6106 and 6109 are unconstitutional as applied to him, a law-abiding eighteen-year-old, under **Bruen** and **Rahimi**. Wiles argues that section 6106 fails the two-prong analysis set forth in **Bruen** because it burdens conduct protected by the Second Amendment and lacks historical support. As applied to him, he contends the statute infringes his core right to bear arms solely due to his age, even though he poses no credible threat and would otherwise qualify for a license but for section 6109's age restriction. Wiles asserts that founding-era surety laws targeted dangerous individuals, not law-abiding eighteen-to-twenty-year-olds, and that no historical analogue supports categorically barring that age group from carrying a firearm in public. Relying on decisions of the United States Courts of Appeals, including **Evanchick**, and **Worth v. Jacobson**, 108 F.4th 677, 694 (8th Cir. 2024), Wiles maintains that eighteen-to-twenty-year-olds are part of "the people" protected by the Second Amendment. Wiles' Brief at 39.

Wiles submits that this Court's decision in **Williams** does not control. Wiles contends that **Williams** departs from **Bruen** by engaging in prohibited

means-end balancing grounded in modern policy concerns rather than historical tradition. Alternatively, Wiles argues that even assuming section 6109's age restriction is constitutional, subsection 6106(a)(1)'s ban on carrying a firearm in a vehicle without a license is unconstitutional as applied to him. Finally, Wiles also contends that Article 1, Section 21 of the Pennsylvania Constitution provides him greater protection than the Second Amendment to the United States Constitution.

The trial court concluded that sections 6106 and 6109 are constitutional as applied to Wiles, reasoning that historical tradition supports age-based restrictions on firearm carriage by individuals under twenty-one years of age. *See* Trial Court Opinion, 8/20/25 at 6.

After careful review, we conclude that Wiles has not met his "high burden" of proving that sections 6106 and 6109 violate the Second Amendment. *Williams*, 341 A.3d at 151. *Williams* squarely governs this appeal, as Wiles advances the same constitutional challenges rejected in that case. As *Williams* is binding on this panel, we deny relief on Wiles' claims.

In *Williams*, this Court concluded that section 6109's licensing scheme, including the twenty-one-year age requirement, is consistent with this Nation's historical tradition of firearm regulation. *See Williams*, 341 A.3d at 160. In reaching that conclusion, the Court relied on historical understandings of infancy and civic capacity and rejected the argument, renewed here, that only demonstrably dangerous individuals may be subject to such restrictions.

Finally, we reject Wiles' claim that **Williams** misinterpreted **Bruen** and **Rahimi** and thus should not control. This panel is bound by our prior published decisions, and we lack authority to overrule them. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006). For the foregoing reasons, Wiles is not entitled to relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary



Date: <u>3/12/2026</u>