**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CURTIS JASON MIZZELL | |
| Appellant | No. 384 MDA 2017 |

Appeal from the PCRA Order Entered January 27, 2017
In the Court of Common Pleas of 41st Judicial District
Perry County Branch
Criminal Division at No: CP-50-MD-0000254-2000

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 21, 2017**

Appellant, Curtis Jason Mizzell, appeals from the January 27, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On October 12, 2000, Appellant pled guilty to criminal homicide (18 Pa.C.S.A. § 2501(a)) classified as second-degree murder, and robbery of a motor vehicle (18 Pa.C.S.A. § 3702).  Appellant assaulted the victim with a baseball bat, stole his car, and drove over him, causing the victim's death. Appellant was 19 years old when he committed the offense.  Immediately following Appellant's plea, the trial court imposed life imprisonment without

---

[*] Retired Senior Judge assigned to the Superior Court.

parole for second-degree murder. Appellant did not file a timely direct appeal. On June 2, 2003, Appellant filed a first (facially untimely) PCRA petition seeking *nunc pro tunc* reinstatement of his appeal rights and alleging ineffective assistance of counsel. After a lengthy and convoluted process involving several remands, this Court concluded that Appellant's petition met one of the PCRA's timeliness exceptions, and that the PCRA court properly reinstated Appellant's direct appeal rights. *Commonwealth v. Mizzell*, 1722 MDA 2006 (Pa. Super. filed April 7, 2008) ("*Mizzell I*").[1] We remanded to allow Appellant to file post-sentence motions pursuant to this Court's opinion in *Commonwealth v. Liston*, 941 A.2d 1279 (Pa. Super. 2008) (*en banc*), *vacated in part*, 977 A.2d 1089 (Pa. 2009). Subsequently, Appellant filed post-sentence motions challenging counsel's effectiveness, in accord with this Court's remand order. The trial court denied relief, and Appellant once again appealed to this Court. We affirmed. *Commonwealth v. Mizzell*, 440 MDA 2009 (Pa. Super. filed March 5, 2010) ("*Mizzell II*"), *appeal denied*, 14 A.3d. 826 (Pa. 2010).

In between *Mizzell I* and *Mizzell II*, our Supreme Court in *Liston* reversed this Court's holding that a reinstatement of the right to file post-sentence motions must automatically accompany a reinstatement of the right to file a direct appeal. Perhaps for that reason, this Court in *Mizzell II* treated

---

[1] The decision we refer to as *Mizzell I* was not this Court's first decision in this matter. We refer to it as such for clarity of analysis in this memorandum.

the trial court's denial of Appellant's *nunc pro tunc* post-sentence motions as a denial of PCRA relief.

The foregoing is relevant here only insofar as it relates to the date of finality of Appellant's judgment of sentence, which is uniquely unclear in this case. **Mizzell I** styled itself as a *nunc pro tunc* direct appeal. **Mizzell I**, unpublished memorandum, at 1. It remanded for filing of post-sentence motions. **Id.** at 10. **Mizzell II** styled itself as a review of an order denying PCRA relief. **Mizzell II**, unpublished memorandum, at 1. It concluded by affirming the order denying relief. **Id.** at 10. Neither memorandum concluded by expressly affirming Appellant's judgment of sentence. In any event, **Mizzell II** resolved all of Appellant's outstanding requests for relief, and our Supreme Court denied allowance of appeal of that decision on December 16, 2010. Appellant filed the instant petition more than five years later, on March 15, 2016. Because of the five-year delay, and despite the procedural irregularities, we will treat the petition as facially untimely under § 9545(b)(1) of the PCRA, which provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirement is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

Appellant offers no argument to the contrary. Instead, he relies on § 9545(b)(1)(iii), which provides an exception to the PCRA's jurisdictional

- 3 -

time bar where the United States Supreme Court recognizes a new right more than one year after the finality of the petitioner's sentence. 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant relies on **Miller v. Alabama**, 132 S. Ct. 2455 (2012), in which the United States Supreme Court held that mandatory life sentences without parole constitute cruel and unusual punishment as applied to offenders who are less than 18 years of age when they commit the offense. In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the Supreme Court held that **Miller** applies retroactively. The PCRA court denied relief, concluding that neither case applies to a 19-year-old offender. We review the PCRA court's decision for error of law. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

As the PCRA court correctly noted, this Court in **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016), held that **Miller** does not apply to an offender who was 19 years old at the time of the offense. Appellant seeks to avoid the import of **Furgess** by citing **People v. House**, 72 N.E.3d 357 (Ill. App. 2015), in which an intermediate appellate court in Illinois applied the rationale of **Miller** to a 19-year-old offender. Appellant's reliance on **House** is unavailing for three reasons. One, it has no precedential effect in Pennsylvania. Two, § 9545(b)(1)(iii) applies only to decisions of the United States and Pennsylvania Supreme Courts, not the decisions of other states. Third, Appellant essentially asks us to overrule **Furgess**. "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior

Court, […] except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." *Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied*, 555 U.S. 881 (2008). For all of the foregoing reasons, we affirm the PCRA court's order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2017