J-S57044-18

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL BUNDAY, | : | |
| | : | |
| Appellant | : | No. 430 EDA 2018 |

Appeal from the Judgment of Sentence December 29, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-14990-1994

BEFORE:   PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:   **FILED DECEMBER 04, 2018**

Nathaniel Bunday (Appellant) appeals from the December 29, 2017

judgment of sentence imposed following a resentencing hearing  pursuant to

***Miller v. Alabama***, 567 U.S. 460 (2012).[1]  We affirm.

> On August 27, 1994, just four [] months shy of his eighteenth []
> birthday, Appellant brutally attacked Kyle Ramage, who was
> already lying helpless on a Norristown sidewalk, by kicking and
> stomping on his head and face multiple times.   Medical
> personnel declared Mr. Ramage brain dead later that afternoon
> and removed him from life support the following morning.   On
> January 26, 1995, a jury convicted Appellant of second-degree
> murder, aggravated assault, robbery, and criminal conspiracy.

Trial Court Opinion, 5/25/2018, at 1-2 (footnotes omitted).   Appellant was

sentenced to a mandatory term of life imprisonment without the possibility

---

[1] In ***Miller***, the United States Supreme Court held that a "mandatory
[sentence of] life without parole for those under the age of 18 at the time of
their crimes violates the Eighth Amendment's prohibition on cruel and
unusual punishments."  567 U.S. at 465 (internal quotation marks omitted).

*Retired Senior Judge assigned to the Superior Court.

of parole (LWOP) for second-degree murder, and a concurrent term of five to ten years of incarceration for conspiracy. On direct appeal, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Bunday*, 678 A.2d 824 (Pa. Super. 1996) (unpublished memorandum).

On December 5, 1996, Appellant filed his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Following a hearing, the PCRA court denied Appellant's petition, and this Court affirmed the PCRA court's order on August 10, 1998. *Commonwealth v. Bunday*, 726 A.2d 408 (Pa. Super. 1998) (unpublished memorandum).

On July 19, 2012, Appellant filed his second PCRA petition, claiming that his sentence was unconstitutional under *Miller*.[2] The PCRA court stayed the proceedings pending the disposition of several cases as to whether *Miller* applied retroactively to cases on collateral review. Order, 10/12/2012; Order, 1/10/2014; Order 8/13/2014. On January 25, 2016, the United States Supreme Court held that *Miller* applied retroactively to cases on collateral appeal. *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016). Thus, on November 21, 2016, the PCRA court granted Appellant's PCRA petition and vacated his LWOP sentence.

On December 29, 2017, after a hearing, the sentencing court resentenced Appellant to 28 years to life imprisonment. No post-sentence

---

[2] Appellant's petition was filed within sixty days of the issuance of *Miller*.

motion was filed. Appellant timely filed a notice of appeal.[3] On appeal, he challenges the legality and discretionary aspects of his sentence. Appellant's Brief at 6.

Appellant first claims that his maximum sentence of life imprisonment is illegal. Specifically, he argues that the sentencing court erred in relying on, *inter alia*, **Commonwealth v. Olds**, 192 A.3d 1188 (Pa. Super. 2018), which held that a maximum sentence of life imprisonment is required for juveniles convicted of second-degree murder pre-**Miller**, because he believes that the case was decided erroneously. Appellant's Brief at 11-16. "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014) (citations and quotations omitted).

By way of background, our Supreme Court held that in re-sentencing a juvenile defendant convicted of first-degree murder pre-**Miller**, a court may sentence the defendant to LWOP only after finding him "permanently incorrigible and that rehabilitation would be impossible[;]" otherwise, the defendant shall be sentenced to life with the possibility of parole following a minimum term-of-years sentence. **Commonwealth v. Batts** (**Batts II**), 163 A.3d 410, 459-60 (Pa. 2017). Neither our Supreme Court nor the Pennsylvania General Assembly has addressed the resentencing procedure

---

[3] Both Appellant and the sentencing court complied with Pa.R.A.P. 1925.

for juveniles, like Appellant, who were convicted of second-degree murder pre-*Miller*. Although *Batts II* involved a juvenile convicted of first-degree murder, our Court has found no difference that would place a juvenile convicted of second-degree murder outside the *Batts II* analysis. *See Olds*, 192 A.3d at 1194; *Commonwealth v. Melvin*, 172 A.3d 14, 21 n.3 (Pa. Super. 2017). Accordingly, our Court in *Olds* held that "trial courts must sentence juveniles convicted of second-degree murder prior to June 25, 2012 to a maximum term of life imprisonment[.]" 192 A.3d at 1198.

On appeal, Appellant argues that because the holding in *Batts II* was limited to juveniles convicted of first-degree murder, our Court misapplied the required maximum term of life imprisonment to juveniles convicted of second-degree murder. Thus, Appellant argues that "[w]hile a trial court is not prohibited from imposing a life tail for second-degree murder, it is erroneous to impose this sentence based on a misinterpretation that a life tail is required under *Batts*…." Appellant's Brief at 16.

This Court rejected a claim almost identical to Appellant's in *Olds*, and specifically held that juveniles who committed second-degree murder pre-*Miller* must be sentenced to a maximum term of life imprisonment. 192 A.3d at 1198. "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." *Commonwealth v. Pepe*, 897 A.2d 463,

- 4 -

465 (Pa. Super. 2006) (citations omitted). Thus, our Court's prior decision in **Olds** is binding.[4] **See Pepe**, 897 A.2d at 465. Accordingly, Appellant's claim is without merit.

Appellant next claims that the trial court abused its discretion when it considered Appellant's failure to complete a violence prevention program in fashioning his sentence because Appellant in fact had completed the program. Appellant's Brief at 16-18. Because this claim implicates the discretionary aspects of Appellant's sentence, we must first determine whether Appellant has invoked this Court's jurisdiction to review the merits of this claim.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

---

[4] Although we are bound by this Court's holding in **Olds**, if we were writing on a clean slate, because of the shakiness of the felony-murder rule, we would permit juveniles convicted of second-degree murder pre-**Miller** to argue for a maximum term-of-years sentence in lieu of a mandatory life tail. **See Com. ex rel. Smith v. Myers**, 261 A.2d 550, 554-55 (Pa. 1970) (detailing the "harsh criticism, most of it thoroughly warranted" of the felony-murder rule, finding it "non-essential," a doubtful deterrent, and "a hold-over from the days of our barbarian Anglo-Saxon ancestors of pre-Norman days, [having] very little right to existence in modern society[,]" so as to "make clear how shaky are the basic premises on which [the rule] rests") (footnote and internal quotation marks omitted).

> (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant did not object at sentencing and did not file a post-sentence motion. *Id.* ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."). Thus, we find his discretionary-aspects-of-sentencing claim waived.[5]

Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal that would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judge Panella joins the memorandum.

Judge Platt concurs in the result.

---

[5] Additionally, Appellant failed to include a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and the Commonwealth has objected to this omission. Commonwealth's Brief at 15. *See Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006) ("A failure to include the Rule 2119(f) statement does not automatically waive an appellant's [discretionary aspects of sentencing] argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement.") (quoting *Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006)).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/18