J-S02025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LISA COSTELLO | : | |
| | : | |
| Appellant | : | No. 1379 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 7, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007405-2017

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                        **FILED APRIL 26, 2022**

Appellant, Lisa Costello, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following the revocation of her probation and parole. For the following reasons, we vacate the revocation sentence and remand for a new violation of parole hearing.

The relevant facts and procedural history of this case are as follows. On August 19, 2017, the Commonwealth charged Appellant with three counts each of possession with intent to deliver a controlled substance ("PWID"), possession of drug paraphernalia, possession of a controlled substance, and one count each of conspiracy to commit PWID and criminal use of a communication facility.[1] On November 30, 2018, Appellant entered a

---

[1] 35 P.S. §§ 780-113(a)(30), (32), (16), 18 Pa.C.S.A. §§ 903(a), and 7512(a), respectively.

negotiated guilty plea to one count of PWID. The court sentenced her in accordance with the plea agreement to 6 to 23 months of imprisonment, followed by three years of probation. In exchange for her negotiated plea, Appellant agreed to testify truthfully against her co-defendant. (N.T. Plea Hearing, 11/30/18, at 10-12).

Appellant was released on parole on April 1, 2019. On September 28, 2020, while Appellant was still on parole, a notice of violation was filed against Appellant based on a new arrest for possession of a controlled substance and related offenses. On October 7, 2020, Appellant stipulated to having violated the terms of her supervision. The court revoked Appellant's parole and reimposed the remaining back time of her initial confinement (19 months and three days, with parole eligibility after 30 days), plus the original three-year term of probation.

While on parole again, on March 31, 2021, another notice of violation was filed alleging Appellant violated the following conditions of her parole and probation:

1. Arrested on or about November 24, 2020 by the Upper Merion Police Department for conduct of the following nature: Retail Theft (NT). Incident date on or about November 24, 2020. (Violation of Rule #2).

2. Arrested on or about March 27, 2021 by the Upper Merion Police Department for conduct of the following nature: Conspiracy—Theft By Deception (M2), Conspiracy—Theft of Property Loss by Mistake (M2) and Receiving Stolen Property (M2). Incident date on or about March 27, 2021. (Violation of Rule #2).

(Notice of Violation, 3/31/21).

Appellant proceeded to a violation of parole/probation ("VOP") hearing on June 7, 2021. At the hearing, Appellant stipulated to violating the conditions of her parole and probation. In exchange for her stipulation, the Commonwealth joined her recommended sentence to serve the remainder of her back time (eighteen months and three days), followed by two years of probation. (N.T. VOP Hearing, 6/7/21, at 3-5, 15; *see* Probation/Parole Stipulation, 6/7/21). In light of Appellant's stipulation, the court revoked Appellant's parole and probation, accepted the jointly recommended sentence, and imposed the recommended revocation sentence of Appellant's back time followed by two years of probation. (N.T. VOP Hearing at 23). Appellant filed a timely post-sentence motion on June 16, 2021. On July 1, 2021, Appellant filed the instant timely notice of appeal.[2] On July 13, 2021, the court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Appellant timely filed her concise statement on July 28, 2021.

Appellant raises two issues on appeal:

> Whether there is sufficient evidence to find that Appellant stipulated to committing a new crime where she has not been convicted for the alleged offenses underlying the violations and there are no facts in the record to support the arrests?

_____

[2] Although the court did not enter an order disposing of the post-sentence motion, Appellant's notice of appeal was timely filed within 30 days of the judgment of sentence because the post-sentence motion did not toll the appeal period. *See* Pa.R.Crim.P. 708(E) (stating motion to modify revocation sentence will not toll 30-day appeal period).

> If the above [question] is answered in the negative, whether Appellant's June 7, 2021 sentence is illegal where the VOP court found that Appellant violated the terms of her supervision but she was never informed of the specific conditions of her supervision by the original sentencing court or first VOP court, which is a violation of 42 Pa.C.S. § 9754(b)?

(Appellant's Brief at 4).

Preliminarily, this Court has recently declared that a VOP court may not revoke probation when a defendant commits a new crime after sentencing but before the probationary period has begun. *Commonwealth v. Simmons*, 262 A.3d 512 (Pa.Super. 2021) (*en banc*)[3] (holding that sentence imposed following anticipatory probation revocation is illegal sentence). *See also Commonwealth v. Muhammed*, 219 A.3d 1207 (Pa.Super. 2019) (explaining that challenge to legality of sentence is not waivable and can be raised *sua sponte*). Specifically, the *Simmons* Court explained that prior case law "was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that 'a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted.'" *Simmons, supra* at 524-25. This Court continued:

_____

[3] We note that our Supreme Court will be reviewing the decision in *Simmons* in relation to its grant of allowance of appeal in *Commonwealth v. Rosario*, No. 298 WAL 2021, No. 299 WAL 2021, No. 300 WAL 2021 (Pa. Jan. 25, 2022). Nevertheless, *Simmons* is binding until our Supreme Court rules on the issue. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa.Super. 2006).

> No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation"—including the "specified conditions"— do not begin to commence until the prior term ends.

*Id.*

Instantly, the record indicates that Appellant entered a negotiated guilty plea to one count of PWID on November 30, 2018. The court sentenced her in accordance with the plea agreement to 6 to 23 months of imprisonment, followed by three years of probation. On October 7, 2020, Appellant stipulated to having violated the terms of her supervision. The court revoked Appellant's **parole** and reimposed the remaining back time of her initial confinement (19 months and three days), plus the original three-year term of probation.

While on parole again, Appellant was arrested for new crimes on November 24, 2020 and March 27, 2021. Appellant stipulated to violating the terms of her parole **and** probation. (Probation/Parole Stipulation at 2; N.T. VOP Hearing at 5). Following another VOP hearing on June 7, 2021, the court revoked Appellant's parole **and** probation, and imposed the jointly recommended sentence of Appellant's back time (eighteen months and three days), followed by **two** years of probation. The court's probationary tail reflected a modification of Appellant's probation from the originally imposed three-year term. (N.T. VOP Hearing at 5, 23).

- 5 -

Under **Simmons**, however, the trial court lacked authority to find that Appellant violated a condition of her probationary sentence before it commenced. Rather, the court only had authority to find Appellant in violation of her parole. **See Simmons, supra**. Therefore, the court's revocation of Appellant's probation and imposition of a new sentence which modified the probationary tail was illegal. **See id. See also Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa.Super. 2008) (stating: "Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence").

Further, "a criminal defendant cannot agree to an illegal sentence[.]" **Muhammed, supra** at 1211. Thus, Appellant's stipulation to violating the terms of her parole and probation, which was entered in exchange for an illegal sentence, is invalid. **See id.** Under these circumstances, the best resolution of the case is to vacate and remand for a new violation of **parole** hearing. Accordingly, we vacate the revocation sentence and remand for further proceedings consistent with this memorandum.[4]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

_____

[4] Based on our disposition, we need not address Appellant's issues on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2022