J-S07044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRYSTEENA DAWN CLEVENGER | : | |
| | : | |
| Appellant | : | No. 1365 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 18, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000081-2022

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED AUGUST 15, 2024**

Appellant, Chrysteena Dawn Clevenger, appeals from the judgment of sentence imposed following her guilty plea to driving under the influence ("DUI")—controlled substance.[1]  We affirm.

We previously set forth the history of this case leading up to the Commonwealth's earlier appeal from the initial sentence imposed by the lower court:

> On November 2, 2021, [Appellant] was arrested following a traffic stop, and she was subsequently charged with various DUI offenses and a summary motor vehicle offense.  The DUI offenses were charged as second offenses and graded as first-degree misdemeanors based upon [Appellant]'s resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process.  At a hearing held on April 18, 2022, [Appellant] made

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(i).

an oral motion to bar consideration of her earlier ARD as a prior offense at sentencing. N.T., 4/18/22, at 2-3.

At that time, this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), set forth the prevailing law on whether acceptance of ARD in an earlier DUI case could be considered a prior offense for sentencing in a subsequent DUI prosecution. In **Chichkin**, we held that the classification of ARD as a prior offense in Section 3806(a) of the Vehicle Code violated due process and therefore a defendant could not be sentenced as a recidivist DUI offender on that basis. **Id.** at 969-71; 75 Pa.C.S. § 3806(a) (defining a "prior offense" to include acceptance of ARD); **see also** 75 Pa.C.S. § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses).

The trial court granted [Appellant]'s motion to bar consideration of the prior ARD as a first DUI offense at the April 18, 2022 hearing. N.T., 4/18/22, at 2-3; Order, 4/19/22. [Appellant] then entered a negotiated guilty plea to one count of DUI—controlled substance as a first offense, ungraded misdemeanor. On June 20, 2022, the trial court sentenced [Appellant] pursuant to the negotiated agreement to serve six months' probation, including ten days of house arrest, and pay a fine of $1,000. Sentencing Order, 6/20/22.

**Commonwealth v. Clevenger**, No. 995 MDA 2022, 2023 WL 3298958, *1 (Pa. Super., filed May 8 2023).

The Commonwealth appealed, arguing that the trial court erred in barring consideration of Appellant's ARD as a prior offense in light of two subsequent *en banc* Superior Court decisions in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), **appeal granted**, 294 A.3d 300 (Pa. 2023), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*). We agreed with the Commonwealth that **Richards** and **Moroz** expressly overruled **Chichkin** and held that "the General Assembly provided that ARD will constitute a prior offense for purposes of sentencing on

a second or subsequent DUI conviction" and that Section 3806 of the Vehicle Code, which classifies an ARD as a prior offense, "passes constitutional muster." **Clevenger**, 2023 WL 3298958, *2 (citation omitted). We therefore vacated the sentence imposed upon Appellant as a first-time DUI offender and remanded for resentencing. **Id.**

Following remand, Appellant filed a motion to preclude the trial court's consideration of her prior DUI ARD, which the court promptly denied. Motion, 7/5/23; Order, 7/10/23. The matter then proceeded to a hearing on September 18, 2023, at which Appellant stipulated that she was admitted into the ARD program in 2019 to resolve a DUI offense, notwithstanding her objection to the admission of the ARD for sentencing purposes. N.T., 9/18/23, at 2. On that date, the trial court sentenced Appellant for DUI—controlled substance as a second offense to 24 months' probation, with a 90-day restrictive term to be served on house arrest. Sentencing Order, 9/18/23. On September 28, 2023, Appellant filed a notice of appeal.

In this Court, Appellant challenges her sentence as a second-time DUI offender based upon her prior ARD.[2] Put succinctly, Appellant argues that **Richards** and **Moroz** "were not correctly decided" and that, in fact, "Section 3806 does not pass constitutional muster, and this Court should not have overruled **Chichkin**" in those *en banc* opinions. Appellant's Brief at 19, 24.

---

[2] Appellant's appellate argument implicates the legality of her sentence; our standard of review of this issue is *de novo* and our scope of review is plenary. **Moroz**, 284 A.3d at 230.

Appellant accordingly requests that we vacate her judgment of sentence and remand for her to be resentenced to DUI as a first offense. *Id.* at 30.

Appellant is not entitled to relief in this appeal as *Richards* and *Moroz* remain binding precedent in this Commonwealth, and these cases clearly mandate the sentence imposed by the court below. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (Superior Court is bound by prior *en banc* panel decisions) (citing Pa.R.A.P. 3103(b)). Our Supreme Court's grant of the defendant's petition for allowance of appeal in *Richards* does not alter our conclusion that we are bound by its holding. *See Commonwealth v. Koehler*, 914 A.2d 427, 439 n.4 (Pa. Super. 2006); *Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006). "At this point in time, our high court has done no more than grant an appeal for the purpose of determining whether Section [3806] is unconstitutional[.]" *Pepe*, 897 A.2d at 465. "Because our Supreme Court has not yet ruled upon the question, our Court's prior decision[s] in [*Richards* and *Moroz* are] binding" in this appeal. *Id.* We thus affirm Appellant's judgment of sentence.[3]

_____

[3] We note that while the petition for allowance of appeal in *Richards* was pending, our Supreme Court decided the case of *Commonwealth v. Verbeck*, 290 A.3d 260 (Pa. 2023). Because the Court was equally divided (3-3) in *Verbeck*, the issue was not resolved. *See Commonwealth v. Mosley*, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) ("When a judgment of sentence is affirmed by an equally divided court, [] no precedent is established and the holding is not binding on other cases."). The Court has since granted the petition for allowance of appeal in *Richards* but subsequently stayed that case, pending resolution of another case with the same issue, *Commonwealth v. Shifflett*, No. 26 MAP 2024. In that case, the parties filed briefs, but the Court has not scheduled oral argument yet.

We address one additional issue that came to light during our review of the record and implicates the legality of Appellant's sentence. *See Commonwealth v. Derrickson*, 242 A.3d 667, 673 (Pa. Super. 2020) (issues related to the legality of a sentence may be raised *sua sponte*). On October 25, 2023, the trial court entered an order, upon motion from the Commonwealth, purporting to amend the September 18, 2023 sentencing order to "assign the amount of $3.50" to Appellant "as costs of prosecution payable to Adams County General Fund c/o District Attorney's Office." Order, 10/25/23. This order was a nullity because it was entered more than thirty days after the sentencing order and after Appellant had already filed her notice of appeal. *See* 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."); *Commonwealth v. Hart*, 174 A.3d 660, 663 n.4 (Pa. Super. 2017) (order entered by trial court after notice of appeal was filed was legal nullity). While a sentencing order may be modified at any time to fix "a clear clerical error (or a patent and obvious mistake)" that is apparent on the face of the record, *Commonwealth v. Rosario*, 248 A.3d 599, 606 (Pa. Super. 2021) (citation omitted), the October 25, 2023 order did not correct a mistake but simply added an additional cost that Appellant would be obligated to pay. We therefore vacate the October 25, 2023 order.

Judgment of sentence affirmed. Trial court order of October 25, 2023 vacated. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/15/2024